## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CHAPTER 7 |
| | : | |
| JILLIAN CIANFRINI, | : | CASE NO. 12-35277-GMB |
| a/k/a JILLIAN BROWN | : | |
| (Debtor) | : | |
| | : | |
| RICHARD CIANFRINI | : | ADVERSARIAL PROCEEDING |
| Plaintiff | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| JILLIAN CIANFRINI, | : | |
| a/k/a JILLIAN BROWN | : | |
| Defendant | : | |

## COMPLAINT OBJECTING TO DISCHARGEABILITY
## OF DEBT PURSUANT TO 11 U.S.C. ' 523

Plaintiff, Richard Cianfrini, complaining of defendant, Jillian Cianfrini, a/k/a Jillian Brown, says as follows:

### JURISDICTION AND VENUE

1) This is an adversarial proceeding instituted to Part VII of the Federal Rules of Bankruptcy Procedure seeking relief pursuant to 11 U.S.C. ' 523.

2)  Jurisdiction of this matter is conferred upon the United States District Court for the District of New Jersey pursuant to 28 U.S.C. ' 1334.

3)  This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. ' 157(a)(2)(1).

4)  Venue is proper in this Court pursuant to 28 U.S.C. ' 1409(a).

## FACTUAL ALLEGATIONS

5)  The within bankruptcy proceeding was commenced by the filing of a voluntary Petition pursuant to Chapter 7 of the United States Bankruptcy Code on or about October 18, 2012.

6.  The plaintiff and the defendant are father and daughter.

7  In 2004, the defendant approached the plaintiff and asked him to incur debt in the form of private loans secured though Promissory Notes for money loaned by Sallie Mae for college tuition, which loan proceeds defendant would use for the sole purpose of paying tuition for the defendant's attendance at Stockton State College in New Jersey. The Defendant obtained a degree from Stockton State College.

8  In response to defendant's request that plaintiff incur this debt, plaintiff responded:

    (a)  Plaintiff had paid for defendant's tuition to attend Community College; and

  (b) While plaintiff was willing to sign the Promissory Notes on behalf of the defendant, the defendant would be solely responsible for repayment of the loans used for her college tuition.

9 The defendant acknowledged and agreed that any money obtained by plaintiff through the loans, would be used for the sole purpose of paying the defendant's college tuition and the defendant would be solely responsible for repaying the principal and accrued interest to the lending institution(s).

10. On October 13, 2004, plaintiff incurred debt in the form of a loan issued by Sallie Mae in the amount of Sixteen Thousand Dollars ($16,000.00).

11. On September 20, 2005, plaintiff incurred debt in the form of a loan issued by Sallie Mae in the amount of Eighteen Thousand Dollars ($18,000.00).

12. On June 27, 2006, plaintiff incurred additional debt in the form of a loan issued by Sallie Mae in the amount of Three Thousand Dollars ($3,000.00).

13. All of the debt incurred by the plaintiff in the form of loans issued by Sallie Mae was used to pay the tuition of the defendant so that she could attend college.

14. In June 2008, the defendant completed her college education.

15. In October 2008, plaintiff and the defendant had a meeting, at which time plaintiff reiterated, and the defendant agreed, that repayment of the loans issued by Sallie Mae in October 2004, September 2005, and June 2006, was the sole responsibility of the defendant.

16. In furtherance of the parties' agreement, the defendant issued thirty-five (35) monthly payments to the lending institution(s).

17. In October 2010, plaintiff learned, for the first time, that the defendant had stopped issuing payments for the incurred debt.

18. Plaintiff requested, but the defendant refused to issue any further payments to the lending institution(s).

19. Defendant filed suit against the defendant in the Superior Court of New Jersey for Camden County asserting that she had breached the agreement reached between the parties.

20. The debt incurred by the plaintiff on behalf of the defendant was solely used for payment of the defendant's college tuition.

21. Although the defendant was not a signatory to the Promissory Loans, by virtue of her agreement with the plaintiff, and her paying thirty-five (35) payments toward the debt incurred, she acknowledged that the student loans were her responsibility.

22. Debts incurred for the payment of education are not dischargeable through a bankruptcy proceeding.

23. The defendant made material misrepresentations to the plaintiff by assuring him that she would issue payment for the student loans.

24. Such material misrepresentations by the defendant were made knowingly and with the specific intent to induce the plaintiff into incurring debt used for the sole benefit of the defendant.

25. Such conduct by the defendant constitutes a creation of a debt by false pretense. In accordance with 11 U.S.C. 523(A)(8), such debt is non-dischargeable.

WHEREFORE, plaintiff, Richard Cianfrini, demands judgment against the debtor, Jillian Cianfrini, a/k/a Jillian Brown, as follows:

(a) For all damages directly and proximately caused by such false pretense, false representations and actual fraudulent conduct, together with interest and costs of suit;

(b) Declaring that such subject to the plaintiff constitutes a non-dischargeable debt pursuant to 11 U.S.C. 523; and

(c) For such other and further relief as the Court deems equitable and just.

LAW OFFICES OF PAUL H. SCULL, JR.

*/s/ Paul H. Scull, Jr., Esquire*
Attorney for Plaintiff, Richard Cianfrini

Suite B
151 North Broadway
Pennsville, New Jersey   08070
(856) 678-0700
Fax:   (856) 678-9366
I.D. No. 7806
E-Mail:   paul@sculllaw.com

DATED:   January 25, 2013